**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ARTEZ OLIVER**                                                                                                    **PLAINTIFF**

V.                                    **CASE NO. 3:16-CV-00325-JLH-BD**

**DALE COOK and**
**LUTHER WHITFIELD**                                                                         **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion**

Artez Oliver, an inmate at the Mississippi County Detention Center, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his original complaint, Mr. Oliver included various unrelated claims. He complained that Detention Facility officials confiscated his funds; that they failed to provide inmates with cleaning supplies; that they opened legal mail; that they failed to provide inmates

grievance forms; that they used excessive force against him; that they verbally harassed him; and that they improperly detained inmates.

In his complaint, Mr. Oliver did not explain, however, how each of the Defendants violated his constitutional rights or caused him injury.[1] The Court gave Mr. Oliver an opportunity to file an amended complaint and specifically instructed him to identify the Detention Facility officials who violated his rights and to describe the unconstitutional conduct of each Defendant. The Court warned Mr. Oliver that his failure to amend his complaint could result in the dismissal of this case under Local Rule 5.5(c)(2). (#4)

As of this date, Mr. Oliver has failed to respond to the Court's November 7 Order. The deadline for filing an amended complaint has expired.

### III. Conclusion

The Court recommends that Mr. Oliver's claims be DISMISSED, without prejudice, based on his failure to comply with this Court's November 7, 2016 Order.

DATED this 27th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Oliver alleges that Defendant Whitfield "assaulted" him by "poking" him on multiple occasions. That conduct fails to rise to a constitutional level. "A *de minimus* quantum of force is not actionable under the Due Process Clause." *Jackson v. Buckman*, 756 F.3d 1060, 1067-68 (8th Cir. 2014). See also *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) ("Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it.")